# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| ELEANOR M. JONES, | } |
| Plaintiff, | } |
| v. | } CIVIL ACTION NO. |
| BESSEMER BOARD OF | } |
| EDUCATION, and DR. KEITH | } |
| STEWART, | } **JURY TRIAL DEMANDED** |
| SUPERINTENDENT, | } |
| | } |
| | } |
| | } |
| | } |
| | } |
| Defendants. | } |

## COMPLAINT

## I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to the 28 U.S.C. § 1331, 28 U.S.C. §§ 2201 and 2202, Title VII of the Act of Congress known as "The Civil Rights Act of 1964," as amended, 29 U.S.C. Section 62l, et seq. to secure protection of and redress deprivation of rights pursuant to "The Age Discrimination In Employment Act," as amended. Venue is proper pursuant to 28 U.S.C. § 1391. This action seeks both equitable relief and damages.

2. The Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the "Civil Rights Act of

1964," as amended, the Age Discrimination in Employment Act of l967, as amended.

## II.   PARTIES

1. Plaintiff, Eleanor M. Jones ("Jones or Mrs. Jones "), is a female citizen of the United States, over the age of 56, African American, and a resident of Jefferson County, Alabama.

2. Defendant, Bessemer Board of Education, (hereinafter "the Board"), is the legal entity which is responsible for the administration and management of schools within the City of Bessemer, including hiring, transfer, and promotion of teachers and other educational personnel.

3. The Board is an employer within the meaning of the Age Discrimination in Employment Act of l967 ("A.D.E.A."), as amended, and pursuant to the Act of Congress known as "The Civil Rights Act of 1964," and doing business in Jefferson County, State of Alabama. The defendant employs at least 15 persons.

4.     Defendant, Dr. Keith A. Stewart was the Superintendent of the Board, hereinafter "the Superintendent or Dr. Stewart" at the time of the complained of act.

### III. ADMINISTRATIVE PROCEDURE

5.     Within 180 days of the knowledge of the occurrence of the acts which she complains, Plaintiff filed written charges with the Equal Employment Opportunity Commission (hereinafter "E.E.O.C.").

6.     By notice dated June 25, 2019, Plaintiff was advised by the E.E.O.C. that she was entitled to institute a civil action in the appropriate Court within 90 days of receipt of said notices. (Exhibit A)

7.     By written agreement, Plaintiff and Defendants agreed to toll the statute of limitations in hopes or resolution in mediation between the parties or if complaint was not settled by mediation or other means, the Plaintiff would have until midnight on January 10, 2020 to file a complaint in federal court without objection of the statute of limitations by the Defendants. (Exhibit B) As such the Plaintiff, satisfied all private, administrative, and judicial prerequisites to the institution of this action.

### IV.   FACTS

8.     Plaintiff re-alleges and incorporates by the above reference paragraphs 1-7, with the same force and effect as if fully set out in specific detail hereinbelow.

9. Plaintiff has been employed by the Board since August 1998 in various capacities, including her current role as a business teacher.

10. Plaintiff applied for a vacancy in May 2018 for the position of Work Force Coordinator as well as her comparator, Reba Caffee, a cosmetology teacher at the time of the vacancy, is believed to be under the age of 40 upon application for the Work Force Coordinator position and had less than 8 years of experience.

11. Dr. Stewart and the Board after receiving a complaint from Mrs. Jones, the Plaintiff, that she overheard, the interviewing supervisor guaranteeing the job to Ms. Caffee, decided to re-interview the applicants for the Work Force Coordinator position including the Plaintiff and her comparator, Reba Caffee.

12. That upon the second round of interviews conducted by Defendant, Dr. Keith Stewart, resulted in the Plaintiff scoring higher than Ms. Caffee and yet the Board disregarded the older and denied the more qualified Plaintiff the position and still hired the younger Mrs. Caffee in violation of the ADEA.

13. That the Plaintiff's current salary of approximately $54,000 would have increase by almost $20,000 per year to nearly $75,000 had Defendant not discriminated against her.

14. The Board and Dr. Stewart's failure to follow the ADEA, caused a loss of income for Plaintiff in salary and employment benefits.

## V. CAUSES OF ACTION

## COUNT I-AGE DISCRIMINATION

15. The plaintiff re-alleges and incorporates by reference paragraphs 1-14 above with the same force and effect as if fully set out in specific detail hereinbelow.

16. The defendant Board discriminated against Ms. Jones on the basis of age in promotion, and in her terms, conditions, and privileges of employment and in violation of the Age Discrimination in Employment Act of l967, (A.D.E.A.) when they failed to promote her to the position of Work Force Coordinator, in favor of a less qualified and under age 40, applicant, resulting in unequal treatment because of her age.

17. On information and belief, the Plaintiff alleges these actions of the Board were willful on the part of Defendants.

18. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, an injunction, and a declaratory judgment is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

a. Issue a declaratory judgment that the employment policies and practices, conditions, and customs of The Board and/or Dr. Stewart are violations of the rights of Plaintiff as secured by Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq.*, as amended.

b. That this Honorable Court grant plaintiff a permanent injunction enjoining the defendants, their agents, successors, employees, attorneys and those acting in concert with the defendants and at the defendants' requests from continuing to violate the A.D.E.A.

c. Enter an Order requiring the defendants to make the plaintiff whole by awarding the Plaintiff the position she would have occupied in the absence of violation of the A.D.E.A and also lost wages (plus interest), nominal, compensatory and punitive damages, loss of benefits including but not limited to retirement, pension, seniority and other benefits of employment, and front-pay to the extent applicable;

  d. Award all costs of this proceeding, including the payment of expenses and reasonable attorney's fees; and

  e. Such other and further relief as this Honorable Court deems appropriate, including nominal damages and/or any other relief provided for under law or equity.

  Respectfully submitted this 10th day of January 2020.

> */s/ Reginald D. McDaniel*
> REGINALD D. MCDANIEL (ASB-7676-L73M)
> LAW OFFICE OF REGINALD D. MCDANIEL
> Attorney for Plaintiff
> 3720 4th Avenue South Ste 5
> Birmingham, AL 35222
> Office: 205.433.6130
> Fax: 888.357.8447
> Email: rdm@reginaldmcdaniel.com